UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| LIFESTAR AMBULANCE SERVICE, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                                                ) | No. 4:07-cv-89 (CDL) |
| ) | **ANSWER** |
| UNITED STATES OF AMERICA, *et al.*,           ) | |
| ) | |
| Defendants.                                        ) | |
| ) | |

The Defendants, United States of America, Health and Human Services ("HHS"), Michael Leavitt, in his official capacity as the Secretary of HHS, the Centers for Medicare & Medicaid Services ("CMS"), and Kerry N. Weems, in his official capacity as Acting Administrator of CMS,[1] through undersigned counsel, hereby answer the Amended Complaint of the Plaintiffs, Lifestar Ambulance Service, Inc. ("Lifestar"), Coastal Medical Transport, Inc. ("Coastal"), and Ambulance Services, Inc. ("ASI"), on behalf of themselves and the class they seek to represent, as follows:

1. This paragraph contains Plaintiffs' characterization of the lawsuit, not allegations of fact, and thus no response is required. To the extent a response is required, this assertion is precluded by the Court's opinion and order of March 5, 2008, which held, *inter alia*, that the Court lacks subject matter jurisdiction over Plaintiffs Coastal, ASI, and unnamed putative class members, and that the Court cannot assert mandamus jurisdiction over any of Plaintiffs' claims, including Plaintiff Lifestar.

2-4. The assertions contained in these paragraphs are conclusions of law as to which no response is required. In addition, these assertions are precluded by the Court's opinion and order of March 5, 2008.

---

[1] Kerry N. Weems became the Acting Administrator for the Centers for Medicare & Medicaid Services in September, 2007, and is substituted as a Defendant in this action pursuant to Fed. R. Civ. P. 25(d).

5. The assertions contained in this paragraph are conclusions of law as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to its opinion and order of March 5, 2008.

6-8. The assertions contained in this paragraph are conclusions of law as to which no response is required.

9. Admit.

10. Defendants do not have sufficient information to confirm or deny the assertion that Lifestar received payments from "government insurance programs" other than Medicare Part B. Defendants otherwise admit that Lifestar received payments pursuant to the Medicare Part B program.

11-14. Defendants need not respond to the assertions contained in these paragraphs pursuant to the Court's opinion and order of March 5, 2008.

15. This paragraph contains Plaintiffs' characterization of Defendant United States and conclusions of law, as to which no response is required. To the extent a response is required, it is denied, except to admit that Defendant United States is the federal government.

16. These assertions contain Plaintiffs' characterization of Defendant HHS and conclusions of law, as to which no response is required. To the extent a response is required, it is denied.

17. Defendants admit that Defendant Michael Leavitt is the current Secretary of Health and Human Services ("HHS"). The remainder of the paragraph states conclusions of law as to which no response is required.

18. Defendants admit the allegations in this paragraph. By way of further answer, Defendants state that CMS is the operating division of HHS that has primary responsibility for administering, *inter alia*, the Medicare and Medicaid programs.

19. Defendants admit that Kerry N. Weems presently serves as the Acting Administrator of CMS. The remainder of the paragraph states a conclusion of law as to which no response is required.

20-21. The assertions contained in these paragraphs are conclusions of law as to which no response is required. Defendants respectfully refer the Court to 42 U.S.C. §§ 1395l(a), 1395u(b) (1996), for a full and accurate statement of their contents regarding payment of "reasonable charges" under Medicare Part B; to 42 U.S.C. § 1395x(s)(7) (1996) for its contents regarding coverage of ambulance services under Medicare Part B; and to 65 Fed.

      Reg. 55,078 (Sept. 12, 2000) for its description of the payment system for ambulance services prior to implementation of the ambulance fee schedule.

22-23. The assertions contained in these paragraphs are conclusions of law as to which no response is required. To the extent a response is necessary, Defendants respectfully refer the Court to the Balanced Budget Act of 1997 ("1997 BBA"), Pub. L. No. 105-33, § 4531(b), 111 Stat. 451, for a full and accurate statement of its contents.

24. The assertion contained in this paragraph is a conclusion of law as to which no response is required.

25. Defendants admit only that the Secretary published a fee schedule for the payment of Medicare qualified ambulance services pursuant to the 1997 BBA on February 27, 2002. Defendants respectfully refer the Court to 67 Fed. Reg. 9100 (Feb. 27, 2002), for a full and accurate statement of its contents.

26. The assertion contained in this paragraph is a conclusion of law as to which no response is required. Defendants respectfully refer the Court to 67 Fed. Reg. 9100 (Feb. 27, 2002), for a full and accurate statement of its contents.

27. Defendants admit only that there is presently no ambulance fee schedule in effect that applies to Medicare qualified ambulance services rendered between January 1, 2000 and March 31, 2002.

28. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the assertions contained in this paragraph. Defendants need not respond to these assertions with respect to Coastal, ASI and unnamed putative class members pursuant to the Court's opinion and order of March 5, 2008.

29-33. Defendants need not respond to the assertions contained in this paragraph pursuant to the Court's opinion and order of March 5, 2008. Moreover, these paragraphs contain conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the assertions contained in these paragraphs.

34. The assertions contained in this paragraph constitute Plaintiffs' characterization of its action as to which no response is required. To the extent a response is required, Defendants deny these assertions.

35. The assertions contained in this paragraph constitute conclusions of law as to which no response is required. Defendants need not respond to these assertions insofar as they concern Coastal, ASI, unnamed putative class members, and claims made pursuant to the Benefits Improvement and Protection Act of 2000 ("2000 BIPA"), pursuant to the Court's

    opinion and order of March 5, 2008.  To the extent any response is required, Defendants deny the allegations contained in this paragraph.

36. Defendants admit that Lifestar is a company that supplied ambulance services between January 1, 2000 and March 31, 2002.  Defendants need not respond to this assertion insofar as it concerns Coastal, ASI, and unnamed putative class members pursuant to the Court's opinion and order of March 5, 2008.

37. Defendants admit that Lifestar was eligible to participate in the Medicare program from January 1, 2000 through March 31, 2002, and accepted Medicare payments.  Defendants need not respond to this assertion insofar as it concerns Coastal, ASI, and unnamed putative class members pursuant to the Court's opinion and order of March 5, 2008.

38. Defendants admit only that Lifestar provided ambulance services to Medicare patients between January 1, 2000 and March 31, 2002.  Defendants need not respond to this assertion insofar as it concerns Coastal, ASI, and unnamed putative class members pursuant to the Court's opinion and order of March 5, 2008.

39. The assertions contained in this paragraph are conclusions of law as to which no response is required.  To the extent a response is required, Defendants deny these assertions.  In addition, Defendants need not respond to these assertions insofar as they concern Coastal, ASI, unnamed putative class members, and claims made pursuant to the 2000 BIPA pursuant to the Court's opinion and order of March 5, 2008.

40. The assertions contained in this paragraph are conclusions of law as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.  In addition, Defendants need not respond to this assertion insofar as it concerns Coastal, ASI, unnamed putative class members, and claims made pursuant to the 2000 BIPA pursuant to the Court's opinion and order of March 5, 2008.

41. The assertions contained in this paragraph are conclusions of law as to which no response is required.  To the extent a response is required, Defendants deny the assertions contained in this paragraph.  In addition, Defendants need not respond to this assertion insofar as it concerns Coastal, ASI, and unnamed putative class members pursuant to the Court's opinion and order of March 5, 2008.

42. The assertion contained in this paragraph is a conclusion of law as to which no response is required.  To the extent a response is required, Defendants deny the assertion contained in this paragraph.

43. Defendants need not respond to this assertion pursuant the Court's opinion and order of March 5, 2008.  In any event, the assertion contained in this paragraph is a conclusion of law as to which no response is required.  To the extent a response is required, Defendants

        deny the assertion contained in this paragraph.

44.    The assertions contained in this paragraph are conclusions of law as to which no response is required.

45.    Defendants deny the assertions contained in this paragraph.

46.    Admit, except to state that Defendants need not respond to this assertion insofar as it concerns the 2000 BIPA pursuant to the Court's opinion and order of March 5, 2008.

47.    Defendants admit only that they are responsible for and authorized to implement the terms of the 1997 BBA. The remaining portion of this assertion constitutes a conclusion of law as to which no response is required. To the extent a response is required, Defendants deny the remaining portion of this assertion. Defendants need not respond to this paragraph insofar as it concerns the 2000 BIPA pursuant to the Court's opinion and order of March 5, 2008.

48.    This paragraph contains Plaintiffs' characterization of their previous lawsuit, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to its decision in *Lifestar Ambulance Service, Inc. v. United States*, 211 F.R.D. 688 (M.D. Ga. 2003), for a full and accurate statement of its contents.

49.    The assertions contained in this paragraph are conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the assertions contained in this paragraph, and respectfully refer the Court to its opinion and order of March 5, 2008, for a full and accurate statement of its contents. In addition, Defendants need not respond to this paragraph insofar as it concerns the 2000 BIPA pursuant to the Court's opinion and order of March 5, 2008.

50.    The assertions contained in this paragraph are conclusions of law as to which no response is required. In addition, Defendants need not respond to these assertions insofar as they concern Coastal, ASI, unnamed putative class members, and claims made pursuant to the 2000 BIPA pursuant to the Court's opinion and order of March 5, 2008. To the extent a response is required, Defendants respectfully refer the Court to its opinion and order of March 5, 2008 for a full and accurate statement of its contents.

51-53.  The assertions contained in these paragraphs are conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the assertions contained in these paragraphs. Defendants also respectfully refer the Court to its opinion and order of March 5, 2008 for a full and accurate statement of its contents. Defendants need not respond to this paragraph insofar as it concerns Coastal, ASI, unnamed putative class members, and claims made pursuant to the 2000 BIPA pursuant to the Court's opinion and order of March 5, 2008.

54. This paragraph contains Plaintiffs' characterization of this Court's decision in *Lifestar Ambulance Service, Inc. v. United States*, 211 F.R.D. 688 (M.D. Ga. 2003), as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to *Lifestar Ambulance Service, Inc. v. United States*, 211 F.R.D. 688 (M.D. Ga. 2003), for a full and accurate statement of its contents.

55. This paragraph contains Plaintiffs' characterization of the decision of the Eleventh Circuit Court of Appeals in *Lifestar Ambulance Service, Inc. v. United States*, 365 F.3d 1293 (11th Cir. 2004), as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to *Lifestar Ambulance Service, Inc. v. United States*, 365 F.3d 1293 (11th Cir. 2004), for a full and accurate statement of its contents.

56. Admit.

57. With respect to Plaintiff Lifestar, the assertions contained in this paragraph constitute Lifestar's characterization of its exhaustion of administrative proceedings, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Administrative Record ("A.R.") that Defendants filed with this Court on March, 19, 2008. Defendants need not respond to this assertion insofar as it concerns Coastal, ASI, and unnamed putative class members pursuant to the Court's opinion and order of March 5, 2008.

58. The assertion contained in this paragraph is a conclusion of law as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the "Action of Medicare Appeals Council," located at pages 1-4 of the A.R., as well as to its opinion and order of March 5, 2008.

59. Defendants need not respond to this assertion pursuant to the Court's opinion and order of March 5, 2008.

60-61. The assertions contained in these paragraphs are conclusions of law as to which no response is required. To the extent a response is required, Defendants deny these assertions. Defendants need not respond to this paragraph insofar as it concerns Coastal, ASI, and unnamed putative class members pursuant to the Court's opinion and order of March 5, 2008.

62. This paragraph constitutes Lifestar's characterization of its letter of January 12, 2005, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the January 12, 2005 letter, located at A.R. 788-89, for a full and accurate statement of its contents.

63. The assertion contained in this paragraph constitutes a conclusion of law as to which no

response is required. To the extent a response is required, Defendants deny this assertion, and Defendants respectfully refer the Court to pages 788-89, and 765 of the A.R.

64. This paragraph constitutes Lifestar's characterization of its interactions with Cahaba, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court generally to pages 693-792 of the A.R., which contain correspondence between Lifestar and Cahaba from January 12, 2005 to October 27, 2005, for a full and accurate statement of their contents.

65. The assertion contained in this paragraph constitutes Lifestar's characterization of communications from Cahaba, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to pages 765, 749, 738, 737 718, 709-10, and 702 of the A.R., which contain correspondence from Cahaba to Lifestar, for a full and accurate statement of their contents.

66. Defendants deny the assertion contained in this paragraph insofar as it pertains to CMS. Defendants admit only that Cahaba possessed on its computer systems the names and dates of ambulance services that Lifestar furnished between January 1, 2000 and March 31, 2002. Defendants do not have sufficient information to admit or deny the assertion that Cahaba possessed on its computer systems the names and dates for every ambulance service furnished by Lifestar in that time period.

67. This paragraph contains Lifestar's characterization of a CMS Notice dated April 16, 2003, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the April 16, 2003 Notice, located at 68 Fed. Reg. 18654-18656, for a full and accurate statement of its contents.

68. This paragraph contains Lifestar's characterization of its correspondence with Cahaba, as to which no response is required. To the extent a response is required, Defendants refer to the Court to pages 703-04 of the A.R., which contains Lifestar's letter dated August 1, 2005, for a full and accurate statement of its contents. In addition, Defendants do not have sufficient information to admit or deny Lifestar's allegation that it submitted the names and dates of service for every ambulance trip at issue between January 1, 2000 and March 31, 2002.

69. This paragraph contains Lifestar's characterization a letter from Cahaba dated September 6, 2005, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the September 6, 2005 letter, located at A.R. 702, for a full and accurate statement of its contents.

70. This paragraph contains Lifestar's characterization of an attachment to a letter from Cahaba dated September 6, 2005, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the September 6, 2005

        letter and its attachment, located at A.R. 702 and A.R. 316-572, respectively, for a full and accurate statement of their contents.  In addition, Defendants lack sufficient information to admit or deny Lifestar's contention that the attachment contained detail for every Lifestar ambulance trip that occurred between January 1, 2000 and March 31, 2002.

71.    This paragraph contains a conclusion of law as to which no response is required, as well as Lifestar's characterization of correspondence to Cahaba dated November 9, 2005, as to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the November 9, 2005 correspondence, located at A.R. 682-92, for a full and accurate statement of its contents.

72-74.    These paragraphs contain Lifestar's characterization of the decision rendered by the Medicare Hearing Officer, as to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Medicare Hearing Officer's decision, located at A.R. 666-673.

75.    This paragraph contains Lifestar's characterization of correspondence dated February 28, 2006, as to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the February 28, 2006 correspondence, located at A.R. 662-65, for a full and accurate statement of its contents.

76.    This paragraph contains Lifestar's characterization of correspondence dated February 28, 2006, as to which no response is required.  In addition, Defendants do not have sufficient information to admit or deny this assertion, insofar as it involves Lifestar's intent.  To the extent a response is required, Defendants respectfully refer the Court to the February 28, 2006 correspondence, located at A.R. 662-65, for a full and accurate statement of its contents.

77-78.    These paragraphs contain Lifestar's characterization of the Administrative Law Judge's October 2, 2006 decision, as to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the October 2, 2006 decision of the Administrative Law Judge, located at A.R. 274-280.

79.    This paragraph contains a conclusion of law as to which no response is required, as well as Lifestar's characterization of correspondence dated December 4, 2006, as to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the December 4, 2006 correspondence, located at A.R. 5-273, for a full and accurate statement of its contents.

80.    This paragraph contains Lifestar's characterization of correspondence dated December 4, 2006, as to which no response is required.  In addition, Defendants do not have sufficient information to admit or deny this assertion, insofar as it involves Lifestar's intent.  To the extent a response is required, Defendants respectfully refer the Court to the December 4,

      2006 correspondence, located at A.R. 5-273, for a full and accurate statement of its contents.

81. This paragraph contains Lifestar's characterization of correspondence dated December 4, 2006, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the December 4, 2006 correspondence, located at A.R. 5-273, for a full and accurate statement of its contents.

82. Admit.

83-85. These paragraphs contain Lifestar's characterization of the Medicare Appeal Council's March 26, 2007 decision, as to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Medicare Appeal Council's March 26, 2007 decision, located at A.R. 1-4.

86 - 107. Defendants need not respond to the assertions contained in these paragraphs pursuant to the Court's opinion and order of March 5, 2008.

108. The assertions contained in these paragraphs constitute conclusions of law as to which no response is required. To the extent a response is required, Defendants deny these assertions, and respectfully refer the Court to its opinion and order of March 5, 2008. Defendants need not respond to this paragraph insofar as it concerns Coastal, ASI, unnamed putative class members, and claims made pursuant to the 2000 BIPA pursuant to the Court's opinion and order of March 5, 2008.

66. The assertions contained in this paragraph constitute conclusions of law as to which no response is required. To the extent a response is required, Defendants deny these assertions. Defendants need not respond to this paragraph insofar as it concerns Coastal, ASI, unnamed putative class members, and claims made pursuant to the 2000 BIPA pursuant to the Court's opinion and order of March 5, 2008.

      The balance of the Amended Complaint constitutes a prayer for relief as to which no answer is required. Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

      Defendants hereby deny all allegations not expressly admitted or denied.

## **Affirmative Defenses**

      The Court lacks jurisdiction to review claims that were not timely exhausted through the

administrative appeals process, and claims upon which Defendants rendered a final decision over sixty days prior to the filing of the instant action on May 18, 2007.

WHEREFORE, having fully answered, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that judgment be entered in Defendants' favor and that Defendants be given such other relief as the Court deems just and proper.

DATED: March 19, 2008

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

MAXWELL WOOD
United States Attorney
BRENDAN FLANAGAN
Assistant U.S. Attorney

SHEILA LIEBER (Ill. Bar No. 1567038)
Assistant Branch Director
U.S. Department of Justice

/s/ *Tara M. La Morte*
TARA M. La MORTE
GA Bar ID: 841615
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7326
Washington, DC 20530
(202) 514-1275 (tel)
(202) 616-8202 (fax)
tara.lamorte@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2008, I caused a true copy of the foregoing ANSWER to be served on Plaintiffs' counsel electronically by means of the Court's ECF system.

/s/

Tara M. La Morte